UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRITZ ROGENUS,

        Plaintiff,

-vs-                                          Case No. 6:05-cv-1138-Orl-28JGG

DONALD NEUFELD, USCIS DISTRICT
DIRECTOR FOR MIAMI, EDUARDO
AGUIRRE, JR. USCIS DIRECTOR,
MICHAEL CHERTOFF, SECRETARY OF
THE DEPARTMENT OF HOMELAND
SECURITY,

        Defendants.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS FOR MOOTNESS (Doc. No. 12)** |
| **FILED:** | **January 30, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

    Plaintiff Fritz Rogenus filed a complaint seeking mandamus to compel Defendants to issue a legal permanent resident card ("green card"). Docket No. 1 at 2. Defendants move to dismiss the action as moot as a green card has been issued to Plaintiff. Docket No. 12. Plaintiff, who is represented by counsel, failed to file any response to Defendants' motion.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases" or "controversies." U.S. Const. art. III, § 2. The "case or controversy" requirement imposes justiciability limitations on federal courts, and these limitations include mootness. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). The doctrine of mootness is derived from Article III's "case or controversy" requirement because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). The question of mootness is a threshold inquiry in every case; as the Supreme Court has noted, "the question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). If the district court is presented with a moot case, the case must be dismissed because any decision on the merits would constitute an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001); *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

A district court lacks the power to decide a case if its decision cannot affect the rights of the litigants in the case. *Rice*, 404 U.S. at 246; *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when ... the parties lack a legally cognizable interest in the outcome."). A case must be dismissed as moot if the court can no longer provide "meaningful relief." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1216-17.

In this case, Plaintiff has obtained the relief sought by the complaint. The action, therefore, is moot. *Cf., Nyaga v. Ashcroft*, 323 F.3d 906, 913-16 (11th Cir.2003) (per curiam) (holding that mandamus action seeking to compel INS to adjudicate application for adjustment of status was moot because the underlying visa had expired and INS no longer had authority to issue visa); *Kossov v.*

*Perryman,* 2002 WL 849610, *2 (N.D.Ill. May 1, 2002) (the Court noting, in Report and Recommendation on an EAJA motion, that underlying mandamus action for issuance of a "green card" was dismissed as moot after the INS issued such card). The motion to dismiss for mootness should be granted and the case should be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 16, 2006.

_____<br>
JAMES G. GLAZEBROOK<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable John Antoon, II
Counsel of Record
Courtroom Deputy